## Commonwealth v. Hunt

*Dino S. Persio,* for defendant.

WOLFE, J., December 8, 1960. On June 8, 1960, David G. Hunt was stopped in Clearfield Township, Cambria County, by a State Police officer for alleged violation of the speed limit. Within 15 days an information was filed against defendant for violation of section 1002, subsection B-6 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1002. This information was filed before Regina Winslow, a justice of the peace in the Borough of Patton, a municipality adjoining Clearfield Township. Defendant did not appear for a hearing and later forwarded the fine and costs to Mrs. Winslow. Following that, he obtained a writ of certiorari in the common pleas court of this county and had the record brought up upon appeal. He asserts that the record does not show that the hearing justice was the nearest available magistrate in an adjoining borough within the meaning of section 1201 of the Act of April 29, 1959, P. L. 58, 75 PS §1201.

It is known to the court and the parties that there is no magistrate within Clearfield Township. Mrs. Winslow probably had jurisdiction under the code, but because neither the transcript nor the information forwarded by her shows this, the appeal must be sustained.

The information or the transcript should set forth the jurisdictional fact that no person held the office of justice of the peace in the borough or township in which the offense is alleged to have occurred: Commonwealth v. McClimans, 11 D. & C. 2d 477; Common-

wealth v. Williams, 62 Montg. 123; Commonwealth v. Bedding, 38 D. & C. 103. There is good reason for this. If magistrates are not required to initially determine that they have proper jurisdiction and so note on the information or transcript which accompanies it, the purpose of section 1201 of The Vehicle Code could be violated.

In all cases where the information is filed in a municipality adjoining that where the offense occurred and there is no justice of the peace in the latter, the information and the transcript should plainly state this fact so that jurisdiction appears on the face of the record.

We, therefore, enter the following:

### Order

And now, December 8, 1960, the within appeal is sustained, and the charges against defendant are dismissed. Costs to be paid by the County of Cambria.